J-S24013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVEN FORTH | : | |
| | : | |
| Appellant | : | No. 1378 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010653-2017

BEFORE: BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed.: July 2, 2020

Appellant, Daven Forth, appeals from the judgment of sentence of life imprisonment without the possibility of parole, imposed after a jury convicted him of first-degree murder, attempted murder, and related offenses. Appellant challenges the sufficiency and weight of the evidence to sustain his convictions. After careful review, we affirm.

> The facts, when viewed in the light most favorable to the Commonwealth as the verdict-winner, show that on May 8, 2017, Jeremy Irby ("Germ") met up with [Appellant], George Pinkney, Antonio Hester ("Tone"), and Rahsan Stinnett ("Poo-Rock") at the neighborhood park, then drove to [Hester's] house at 1823 Master Street in the City and County of Philadelphia. Once there[,] everyone was getting high [by] smoking marijuana. (N.T.[,] 1-27-2018, [at] 155-162; N.T.[,] 11-29-2018, [at] 113-122). Without any provocation, [Appellant] pulled out a black handgun and shot … Hester in the back of the head, resulting in his immediate death[….] [Appellant] then shot … Pinkney twice in the face. (N.T.[,] 11-27-2018, [at] 44-46, 165-167, 182, 200-201).

---

[*] Retired Senior Judge assigned to the Superior Court.

… Pinkney managed to get out of the house, where a neighbor seeing him covered in blood called 911. … Hester's girlfriend was just pulling up to [the] house when she saw Pinkney. After managing to somewhat compos[e] herself, she drove Pinkney to the hospital. ([*Id.* at] 167-173, 182)[.] Although Pinkney testified at trial that he did not know who shot him, in a statement to the police on July 21, 2017, he identified [Appellant] as the shooter. ([*Id.* at] 176-180; [N.T.,] 11-29-2018, [at] 10-13, 20-21). Moreover, Pinkney testified at [Appellant's] preliminary hearing that he saw Appellant shoot him[,] as well as the gun that [A]ppellant used. (N.T.[,] 11-27-2019, [at] 197-200; [N.T.,] 11-29-2018, [at] 14-18). Prior to trial, [Pinkney] telephoned the assigned prosecutor leaving messages that he was afraid for his life[,] as well as that of his family[,] if he testified at trial against [Appellant]. (N.T.[,] 11-27-2018, [at] 180-195; [N.T.,] 11-29-2018, [at] 17-20, 28-29, 32-33, 64-75). … Irby also testified at the trial and [stated that,] although [he was] in the room when the shooting occurred[,] … he did not know who did the shooting. (N.T.[,] 11-29-2018, [at] 122-133). Irby likewise had given a statement to the police on September 6, 2017, wherein he was fearful of identifying the shooter[.] ([*Id.* at] 133-140).

Trial Court Opinion (TCO), 10/4/19, at 3-4 (some quotation marks omitted).

Based on this evidence, the jury convicted Appellant of first-degree murder, attempted murder, aggravated assault, carrying a firearm on a public street in Philadelphia, carrying a firearm without a license, and possessing an instrument of crime.[1] On December 5, 2018, he was sentenced to an aggregate term of life imprisonment without the possibility of parole. Appellant filed a timely post-sentence motion, which was denied by operation of law on May 9, 2019. That same day, Appellant filed a timely notice of appeal, and he later complied with the court's order to file a Pa.R.A.P. 1925(b)

---

[1] 18 Pa.C.S. § 2502(a), 18 Pa.C.S. § 901(a), 18 Pa.C.S. § 2702(a), 18 Pa.C.S. § 6108, 18 Pa.C.S. § 6106(a)(1), and 18 Pa.C.S. § 907(a), respectively.

concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on October 4, 2019.

Herein, Appellant states two issues for our review:

I. Was the evidence sufficient to sustain Appellant's conviction for [first]-degree murder?

II. Were the verdicts for all counts against the clear weight of the evidence?

Appellant's Brief at 4.[2]

Appellant first challenges the sufficiency of the evidence to sustain his conviction for first-degree murder.[3] To begin, we recognize that,

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

---

[2] Appellant abandons two additional issues that he set forth in his Rule 1925(b) statement. *See* Appellant's Brief at 4 n.1.

[3] While Appellant refers only to his first-degree murder conviction in his Statement of the Questions Involved, he states in his Argument that he is attacking the sufficiency of the evidence to support all of his convictions. *See* Appellant's Brief at 9 ("Even viewing the evidence in the light most favorable to the Commonwealth, it is insufficient to sustain a conviction for any of the charges."). Appellant's failure to mention each of his convictions separately in his statement of his issues waives his challenge to those convictions for our review. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nevertheless, even if properly raised in his statement of his issues, we would reject Appellant's sufficiency challenge to all of his convictions for the reasons set forth, *infra*.

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011). Additionally, "[i]n the case of first-degree murder, a person is guilty when the Commonwealth proves that: (1) a human being was unlawfully killed; (2) the person accused is responsible for the killing; and (3) the accused acted with specific intent to kill." ***Commonwealth v. Johnson***, 985 A.2d 915, 920 (Pa. 2009).

Here, Appellant solely contends that the evidence was insufficient to establish that he is the individual who shot the two victims in this case. He stresses that Pickney's statement to police, and preliminary hearing testimony, was the only evidence to support that he was the shooter. Pickney then recanted at trial, and neither Irby nor Stinnett testified that Appellant was the gunman. Appellant also notes that "[n]o gun was recovered, [and] no fingerprints were found…." Appellant's Brief at 10. Based on these facts, Appellant argues that the evidence failed to prove that he was the person who shot the victims.

We disagree. Pickney twice identified Appellant as the shooter — once in his statement to police, and again in his preliminary hearing testimony.

Those identifications were admitted as substantive evidence of Appellant's guilt. *See **Commonwealth v. Lively***, 610 A.2d 7, 10 (Pa. 1992) ("[A] prior inconsistent statement may be used as substantive evidence only when the statement is given under oath at a formal legal proceeding; or the statement had been reduced to a writing signed and adopted by the witness; or a statement that is a contemporaneous verbatim recording of the witness's statements."). As the Commonwealth points out, "[i]n evaluating a sufficiency claim, the out-of-court statement of a single eyewitness who recants at trial is sufficient to sustain a conviction." Commonwealth's Brief at 9 (citing, *inter alia*, ***Commonwealth v. Hanible***, 836 A.2d 36, 39 (Pa. 2003) (holding that the out-of-court statement of the sole eyewitness who recanted at trial was sufficient to sustain Hanible's conviction for first-degree murder)). Moreover, Pickney's initial identification of Appellant to police was corroborated by his preliminary hearing testimony, and the Commonwealth presented evidence indicating that he recanted at trial out of fear for his and his family's safety. The jury was permitted to disregard Pickney's recantation and believe his pre-trial identifications of Appellant as the person who shot him and Hester. *See **Hanible***, 836 A.2d at 39 ("[T]he jury was free to evaluate both [the eyewitness's] statement to police as well as his testimony at trial recanting that statement, and [was] free to believe all, part, or none of the evidence."). Accordingly, his challenge to the sufficiency of the evidence to sustain his convictions is meritless.

Next, Appellant avers that the jury's "verdict was against the clear weight of the evidence." Appellant's Brief at 11. In support, Appellant reiterates that Pickney's pre-trial identifications were the only evidence of his guilt, and that those identifications should have been found incredible in light of Pickney's recantation at trial. Accordingly, he contends that a new trial is warranted on all counts.

Again, we disagree. Initially, we note:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

In this case, the trial court rejected Appellant's weight claim, first noting that "[a] claim that the verdict was contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict." TCO at 6 (citing *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). The court then reasoned that, "Appellant, without provocation, took out a pistol and shot Antonio Hester in the back of the head, causing his immediate death.

[Appellant] then shot George Pickney twice in the face, again without any provocation. Obviously, this verdict does not shock the court's conscience and the verdict should be affirmed." *Id.* at 7. We discern no abuse of discretion in the court's decision. Accordingly, Appellant's second issue is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/20